UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEANGELO D. LOBLEY,

                  Plaintiff,

v.                                          Case No. 18-cv-812-pp

CO YANG, CPT. CUSHING,
JOHN KIND, WARDEN SCOTT ECKSTEIN,
and STEVEN SCHUELER,

                  Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 8), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 10), DENYING AS MOOT PLAINTIFF'S SECOND AND THIRD MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NOS. 14, 18), AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. The court received the complaint on May 25, 2018; four days later, the court received a partial inmate trust account statement (dkt. no. 3) and an unsigned Consent to Proceed Before a U.S. Magistrate Judge form (dkt. no. 5). On June 19, 2018, the court received a motion from the plaintiff, asking the court to send him a new consent form and to give him more time to file his inmate trust account. Dkt. No. 8. The court received the plaintiff's trust account statement on July 5, 2018, dkt. no. 11, and received a signed consent form on July 18, 2018, dkt. no. 17. So the court will deny as moot the motion to extend time. The court also received two more motions for leave to proceed

1

without prepaying the filing fee—one on July 10 and one on July 18, 2018. Dkt. Nos. 14, 18. Those motions weren't necessary; the plaintiff already had filed his motion to proceed without prepaying the filing fee. The court will deny those motions as moot.

This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 10, and screens his complaint, dkt. no. 1. The case is assigned to Magistrate Judge Nancy Joseph. The defendants have not yet had the opportunity to decide whether to consent to magistrate judge jurisdiction because, until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because *both* parties have not yet consented to the magistrate judge hearing the case, the clerk's office has referred the case to this district court judge to screen the complaint and decide whether it should be served on any of the defendants. The court will explain which claims the plaintiff has stated against which defendants, and then it will return the case to Judge Joseph for further proceedings.

## I. Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 10)

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may

2

allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 11, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $6.49. Dkt. No. 16. The court received that fee on July 30, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.   Screening the Plaintiff's Complaint**

   A.   *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the

United States, and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    B.    *The Plaintiff's Allegations*

The plaintiff is incarcerated at the Green Bay Correctional Institution. He alleges that on April 28, 2017, he "was coming back from a call line pass from Islamic Talim service, with another inmate name[d] Michael Moffett[.]" Dkt. No. 1 at 3. As the plaintiff returned to the cell house with his pass, he went to return his canceled pass by placing it in the wire basket in the "officers' cage," as required. Id. The plaintiff alleges that he reached into the cage and, as he dropped his pass into the basket, defendant Officer Yang "slammed plaintiff's arm forcefully, causing his arm to hit the officer's cage, leaving a large vicious bruise on plaintiff's arm." Id. The plaintiff states that he asked Yang "why did he hit him, slamming his arm against the cage, and yelling don't put your fucking arm inside here no more." Id.

The plaintiff alleges that Sergeant Lannoye (not a defendant) then told him and inmate Moffett, who was standing next to the plaintiff, to "go lock-in." Id. The plaintiff and Moffett allegedly told Lannoye that they would not lock in

4

until they spoke to a supervisor. Id. The plaintiff alleges that Lannoye directed them to sit in the chairs nearby, while he contacted a supervisor. Id.

Several minutes later, defendant Lieutenant Cushing allegedly arrived to take the plaintiff's and Moffett's statements. Id. at 4. Cushing told the inmates that the camera would be looked at, and to "lock in." Id.

The plaintiff allegedly returned to his cell and about five minutes later, an officer arrived and photographed his arm. Id. The plaintiff states that he was ultimately placed in "segregation under TLU-status." Id.

After the incident, the plaintiff filed an inmate complaint. Id. He states that the complaint investigator dismissed the complaint "because the allegations in the complaint had already been previously brought to the attention of the security supervisory staff, and are already under review." Id. The plaintiff alleges that he filed an appeal and the "office secretary" ultimately dismissed the appeal. Id. at 4-5.

The plaintiff claims that Yang assaulted him without cause in violation of the Eighth Amendment to the Constitution and Wis. Stat. §302.08. Id. at 5. He also claims that Cushing violated his Fourth, Fifth and Eighth Amendment rights "by failing to ensure that the officers for this situation and supervisors were properly trained." Id.

For relief, the plaintiff seeks compensatory damages, punitive damages, and a restraining order barring Yang from working in the same area as the plaintiff. Id. at 5-6.

5

C.   *The Court's Analysis*

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. See Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010); DeWalt v. Carter, 224 F.3d 607, 619 (7th Cir. 2000). When prison officials are accused of using excessive force against an inmate, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Hudson v. McMillian, 503 U.S.1, 6 (1992)).

The plaintiff's allegations that Yang forcefully slammed his arm without cause, leaving a vicious bruise, satisfy this standard. See Caffey v. Maue, 679 Fed. Appx. 487, 492 (7th Cir. 2017). The plaintiff may proceed on an Eighth Amendment claim against Yang.

Wisconsin Statute §302.08 provides in relevant part that "all prison officials shall uniformly treat the inmates with kindness. There shall be no corporal or other painful and unusual punishment inflicted upon inmates." As far as the court can tell, however, this provision does not create a private right of action. It is an enabling statute authorizing various Wisconsin Department of Corrections regulations, which do not themselves give rise to a private cause of action. See Gruenberg v. Bittle, 2014 WL 3736497, at *2 (W.D. Wis. 2014) (citations omitted). The court will not allow the plaintiff to proceed on a claim under §302.08.

6

Nor will the court allow the plaintiff to proceed against Cushing, because he does not allege that Cushing had any personal involvement in the excessive force allegations and because there is no supervisory liability under §1983. Section 1983 creates a cause of action based on personal liability and predicated upon fault; "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." Pepper v. Vill. of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). The *respondeat superior* doctrine—liability merely because one is a supervisor—does not apply to Section 1983 actions. See, *e.g.,* Kinslow v. Pullara, 538 F.3d 687, 692 (7th Cir. 2008). In order for a supervisor to be liable under §1983, the "supervisor[] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see. [He] must in other words act either knowingly or with deliberate, reckless indifference." Backes v. Vill. of Peoria Heights, Ill., 662 F.3d 866, 870 (7th Cir. 2011). The plaintiff has not alleged that Cushing knew about what Yang was going to do and facilitated it, or that he approved of or condoned it.

Finally, the court will dismiss the remaining defendants—John Kind, Scott Eckstein and Steven Schueler—because the plaintiff has not made any allegations against them.

## III. CONCLUSION

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 8

7

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 10.

The court **DENIES** as moot the plaintiff's second and third motions for leave to proceed without prepayment of the filing fee. Dkt. Nos. 14, 18

The court **DISMISSES** defendants Cushing, Kind, Eckstein and Schueler.

Under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order will be electronically transmitted to the Wisconsin Department of Justice for service on defendant CO Yang.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendant Yang to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $343.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court **RETURNS** this case to Magistrate Judge Nancy Joseph for further proceedings.

Dated in Milwaukee, Wisconsin this 8th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**